UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE DAVILA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.  04-12637-RGS |
| | ) |
| KATHLEEN DENNEHY, Commissioner, | ) |
| Department of Corrections, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER ON MOTION TO TO STOP THE FILING FEE PAYMENT (#7)

STEARNS, D.J.

On January 5, 2005, this Court issued a Memorandum and Order (#3) directing

Plaintiff to show cause why this action should not be dismissed, for the reasons stated

therein.  In response to that Memorandum and Order, Plaintiff filed a Motion to Dismiss

(#6) this action without prejudice, in order to exhaust remedies with respect to his

medical claims, and to discuss other issues with his family and counsel.

The Court found the request to be well-founded, and granted the Plaintiff's

motion to dismiss (#6) without prejudice.

Subsequently, on November 13, 2006, Plaintiff filed a "Motion to Stop the Filing

Fee Payment," (#7) seeking an Order from this Court directing the Treasurer's Office at

MCI Cedar Junction to stop taking money from his prison account.  As grounds for this

request, Plaintiff relies on the fact that he filed a motion to dismiss this action.

Plaintiff's request for an Order directing MCI Cedar Junction to stop making

payments of the filing fee from his prison account is hereby DENIED with prejudice.   In

effect, Plaintiff seeks to vacate the assessment of the filing fee which was previously

assessed pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") under which,

upon his motion, he was permitted to proceed without full prepayment of the filing fee.

However, once a plaintiff commences a PLRA action, the Court may not waive a filing

fee and permit abandonment of the litigation without cost.  Prisoner plaintiffs remain

obligated for the filing fee in its entirety, whether or not the litigation is dismissed at a

later point.

Section 1915 of the PLRA concerns proceedings *in forma pauperis*, and has

"change[d] the meaning of *in forma pauperis*" for prisoners.  Wooten v. District of

Columbia Metro. Police Dept., 129 F.3d 206, 207 (D.C. Cir. 1997).  Pursuant to the

PLRA, the only issue for a Court presented with a prisoner complaint is whether the

filing fee must be paid "up-front," or whether the fee may be paid in installments through

the inmate's prison account.  McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.

1997).  Even a voluntary dismissal of a complaint (or an appeal) does not eliminate a

prisoner's obligation to pay the required filing fees.  Id. (emphasis added).  "Section

1915(b)(1) compels the payment of the respective fees at the moment the complaint or

notice of appeal is filed."  Id. at 607; see also In re Tyler, 110 F.3d 528, 529-30 (8th Cir.

1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951, 952 (D. Neb. 2001).

The purpose of the PLRA -- to discourage prisoners from filing frivolous actions,

Wooten, 129 F.3d at 207 -- would be undermined if a court were to order the return of

the filing fee in the type of situation presented here, because it would allow a prisoner,

unlike other litigants, to "test the waters" regarding the merits of any case without the

adverse financial consequences associated with the filing fee.

This is particularly true in this case.  Here, the Plaintiff has engaged the

resources of the Court by filing his case, prompting the Court's review of the claims and the issuance of an Order to show cause why his claims should not be dismissed.  A filing fee -- which represents only a modest portion of the Court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly.  Here, the Court finds that there is simply no basis to relieve this Plaintiff of the consequences of an improvident filing merely because, upon reflection (after reviewing the Court's Order and unsuccessfully raised his claims), Plaintiff now decides he would like to use the monies which will be applied to his filing fee in some other manner.

In short, Plaintiff's obligation to pay the filing fee attached <u>at the time of his filing the complaint in this Court</u>, and this Court finds no exceptional circumstances which would justify permitting the Plaintiff to avoid the payment of the full filing fee pursuant to the directives of the PLRA.

Accordingly, for the reasons stated herein, it is hereby Ordered that Plaintiff's Motion to Stop the Filing Fee Payment (#7) is Denied with prejudice.


SO ORDERED.


Dated: November 17, 2006          /s/ Richard G. Stearns
                                  RICHARD G. STEARNS
                                  UNITED STATES DISTRICT JUDGE